Sarette v. CBM Constr.                    CV-96-290-SD  07/09/96

UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


John Sarette;
Sara Sarette;
Johnny's Tire and Battery, Inc.


                                             Civil No. 96-290-SD


CBM Construction Co., Inc.;
Exxon Company, U.S.A.;
Total Containment, Inc.



                              O R D E R


     Defendant CBM Construction Co., Inc. (CBM) moves the court

to remand this action to state court.  Document 6.  No objection

has been filed by any other of the parties.


1.  Background

     This action seeks recovery of damages allegedly caused

plaintiffs, New Hampshire residents,[1] by defects in an

underground gasoline distribution and secondary containment

system.  Plaintiffs claim that defendants, citizens of states

_____

     [1]Plaintiffs John and Sara Sarette are residents of
Manchester, New Hampshire.  Plaintiff Johnny's Tire and Battery,
Inc., is a New Hampshire corporation with a principal place of
business in said Manchester.

other than plaintiffs,[2] bear varying responsibilities for such damages.

The action was originally filed in the New Hampshire Superior Court for Hillsborough County, Northern District. Defendant Total filed a timely notice of removal on May 31, 1996.[3] Defendant Exxon joined in this notice of removal of June 6, 1996.

Defendant CBM, however, did not join in the notice of removal. On June 14, 1996, it filed the motion at issue, the thrust of which is that unless all defendants join in removal, the removal is ineffective, and the case must be remanded.[4]

## 2. Discussion

When a party seeks to remove, the burden of proof is placed on such party to demonstrate that "the asserted basis for removal

---

[2]Defendant CBM is a North Carolina corporation, with a principal place of business in Charlotte, North Carolina. Defendant Exxon Company, U.S.A. (Exxon) is a New Jersey corporation, with a principal place of business in Houston, Texas. Defendant Total Containment, Inc. (Total) is a Delaware corporation, with a principal place of business on Oaks, Pennsylvania.

[3]As the state court writ was received by defendant Total on May 2, 1996, the removal notice was filed within the 30-day requirement of 28 U.S.C. § 1446(b).

[4]The June 14, 1996, filing by defendant CBM meets the requirements of 28 U.S.C. § 1447(c) that a motion to remand be filed within 30 days after the filing of the notice of removal.

satisfies the statutory prerequisites."  Sirois v. Business Express, Inc., 906 F. Supp. 722, 725 (D.N.H. 1995).  As hereinabove indicated, no pleading in opposition to the remand motion has here been filed.

It is the well-established general rule that removal of an action pursuant to 28 U.S.C. §§ 1441 or 1446 requires the consent of all codefendants.  1A MOORE'S FEDERAL PRACTICE ¶ 0.168[3.-2-2], at 547-49 (1989); 14A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION (SECOND) § 3723, at 308 (West 1985); Gibson v. Inhabitants of Town of Brunswick, 899 F. Supp. 720, 721 (D. Me. 1995); Santa Rosa Medical Center v. Converse of Puerto Rico, 706 F. Supp. 111, 113-14 (D.P.R. 1988).  It follows that, as defendant CBM has not so consented, this case must be remanded to the state court.

3.  Conclusion

For the reasons hereinabove outlined, the motion to remand filed by defendant CBM is herewith granted.  The clerk is directed to transmit a certified copy of this order to the Clerk

3

of the New Hampshire Superior Court, Hillsborough County, Northern District.[5]

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

July 9, 1996

cc:   Frank E. Kenison, Esq.
      Doreen F. Connor, Esq.
      John V. Dwyer, Esq.
      Richard C. Nelson, Esq.

_____

[5]28 U.S.C. § 1447(c) also requires the mailing of a certified copy of the order of remand to the clerk of the state court.